UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TODDA CHARMAINE RIVERS<br>    Plaintiff, | ]<br>]<br>] | No. **1  08 ᵥ 0008** |
| v. | ]<br>] | (No. 1:07mc0024)<br>Judge Echols |
| TACO BELL, et al.<br>    Defendants. | ]<br>] | |

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a resident of Pulaski, Tennessee. She brings this action pursuant to 42 U.S.C. § 1983 against a Taco Bell restaurant in Pulaski and John Miljanich, a Vice President of Taco Bell, seeking damages.

In 2005, the plaintiff filed an employment discrimination complaint against the defendants in federal court.[1] The lawsuit went to trial in June, 2007, with a jury finding that the plaintiff's Title VII claim had no merit. However, the jury deadlocked on a retaliation claim, leading the Court to declare a mistrial on that issue.

At the close of the trial, Mr. Miljanich allegedly approached the plaintiff and said ". . . you black people & the EEOC was [sic] a bunch of lies you and the EEOC. Y'all black people must had a hard life growing up." (Complaint at 5). Apparently, the plaintiff was offended by these comments and believes that the defendants have slandered her in violation of her constitutional rights.

To state a claim under 42 U.S.C. § 1983, the plaintiff must

---

[1] *Rivers v. Taco Bell*, Civil Action No. 1:05-0018 (M.D. Tenn.)(Haynes, J., presiding).

plead and prove that the defendants, while acting under color of state law, deprived her of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The plaintiff is attempting to impose liability for a single instance in which she was offended by a perceived racial slur. However, it is well settled that mere words, no matter how threatening, offensive, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Moreover, the defendants are not state actors as is required for a viable claim under § 1983. Thus, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Robert L. Echols
United States District Judge